(No. 3602—

THOMAS CRYDER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1945.*

D. D. GOODELL, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

150

FISHER, J.

An award was entered in favor of Thomas Cryder, claimant in the above-entitled case, on November 10, 1942 (*Thomas Cryder* vs. *State*, 12 C. C. R. 291).

The case now comes before the Court, on a motion in the nature of a petition, stating that the said Thomas Cryder died on November 15, 1944, and requesting that the unpaid balance of the award be ordered paid to Lucy Cryder as Administratrix of the Estate of Thomas Cryder, or as the sole dependent of Thomas Cryder, deceased.

The Workmen's Compensation Act provides that any right to receive compensation shall be extinguished by the death of the person entitled thereto, except in certain specific instances. Section 21 of the Workmen's Compensation Act reads, in part, as follows:

"* * * Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this Act relative to compensation for death received in the course of employment, and subject to the provisions of paragraph (e) of Section 8 of this Act relative to specific loss; Provided, that upon the death of a beneficiary, who is receiving compensation provided for in Section 7, leaving surviving a parent, sister or brother of the deceased employee, at the time of his death dependent upon him for support, who were receiving from such beneficiary a contribution to support, then that proportion of the compensation of the beneficiary which would have been paid but for the death of the beneficiary. * * *"

The award to Thomas Cryder was for disability as provided in paragraph (f), Section 8 of the Workmen's Compensation Act. The award to Thomas Cryder does not come within the exceptions of Section 21, and the amount of the said award unpaid and not due at the date of his death is, therefore, extinguished.

The Supreme Court of Illinois, in passing upon said provision of Section 21, extinguishing the right to compensation, said in the case of *Central Illinois Light Co.* vs. *Industrial Commission*, 359 Ill. 430:

"Provision is made to cover cases where the beneficiary dies whose award was made under Section 7—the death section. The award under review was made under Section 8. The language of Section 21 plainly says that any right to compensation shall be extinguished by the death of the person entitled thereto. This award was in favor of Willedge himself, and his death extinguished all payments that fell due after those accrued during the first 83 and three-sevenths weeks, and for these alone the administrator can recover."

It appears that warrants in the amount of $312.70 were received and cashed by Thomas Cryder during his lifetime, and a further warrant in the sum of $58.05 was issued but not cashed, and is still outstanding. In addition thereto, an amount of $6.64 had accrued and remained unpaid at the time of the death of the said Thomas Cryder.

Lucy Cryder, as the Administratrix of the Estate of Thomas Cryder, deceased, is entitled to have and receive from respondent the amount of compensation accrued and unpaid to Thomas Cryder on the date of his death, November 15, 1944, and nothing further.

An award is accordingly entered in favor of Lucy Cryder, as Administratrix of the Estate of Thomas Cryder, deceased, in the sum of Sixty-four and 69/100 Dollars ($64.69), payable upon the surrender for cancellation of uncashed warrant issued by respondent to Thomas Cryder in the sum of $58.05.